Exhibit E

| | |
|---|---|
| **From:** | Mark Wilson |
| **Sent:** | Tuesday, August 08, 2017 1:45 PM |
| **To:** | Reich, Lance D. |
| **Cc:** | Minnie Kim; pscott@brbcsw.com |
| **Subject:** | RE: A&J Manufacturing, LLC et al v. Ferrellgas, L.P. et al Order, Case 2:15-cv-00028-LGW-RSB |

Lance, thank you.  We will be prepared to discuss with the Court our position on the matters set forth in our correspondence below.  Our position on information exchange is reflected in the correspondence as well.  Let me know if you believe we need to discuss before our call with the Court.

Mark

**J. Mark Wilson**
Attorney at Law
**T** 704.331.1177
**F** 704.339.5981
markwilson@mvalaw.com

**Moore&VanAllen**
100 North Tryon Street
Suite 4700
Charlotte, NC 28202
704.331.1000
www.mvalaw.com

**From:** Reich, Lance D. [mailto:LReich@helsell.com]
**Sent:** Monday, August 07, 2017 6:50 PM
**To:** Mark Wilson
**Cc:** Minnie Kim; pscott@brbcsw.com
**Subject:** RE: A&J Manufacturing, LLC et al v. Ferrellgas, L.P. et al Order, Case 2:15-cv-00028-LGW-RSB

Mark:
I am just following up on the status of this case prior to reporting back to the court on our activities at the status conference on Aug 15.  A&J will note to the court that the parties have discussed all matters from the Order and A&J will state to the court that it will stipulate for an extension of the stay in this case only should Blue Rhino consent to a court-mediated settlement session.  I assume that you will inform the court at the status conference of Blue Rhino's below position.
With respect to entry of a confidentiality order and full exchange of financial information, please let me know if Blue Rhino is still willing to do this regardless of a stay being entered in the action.  If so, let me know if you would like to provide a draft protective order for review, or if you would like me to.  Thanks.
-Lance

**From:** Mark Wilson [mailto:markwilson@mvalaw.com]
**Sent:** Wednesday, July 26, 2017 9:33 AM
**To:** Reich, Lance D. <LReich@helsell.com>
**Cc:** Minnie Kim <minniekim@mvalaw.com>; pscott@brbcsw.com
**Subject:** RE: A&J Manufacturing, LLC et al v. Ferrellgas, L.P. et al Order, Case 2:15-cv-00028-LGW-RSB

1

Lance –

I wish you would reconsider.  Your email seems to confirm our fear that A&J is trying to use the stay as unjustified leverage to force a "cash settlement or a business resolution" before A&J runs out of opportunities to appeal the USPTO's finding of invalidity of the lone patent asserted against Blue Rhino.  Your email also confirms our understanding that there is no real prejudice to A&J by continuing the stay in this case.  As you know, I can't make any promises about a business meeting, for the reasons already discussed.  It would be unfair to use the threat of continued needless litigation to gain some sort of business deal, anyway.  The parties may ultimately discuss business, which is fine, but it should not be because of this case.  We do not believe a mediation is appropriate at this time given the respective positions of the parties as expressed in our communications.  Why would you want to force Blue Rhino to participate in a mediation under these conditions?  Your position will simply drive up costs unnecessarily.  This, too, is unfair.  Alternatively, we have proposed a very fair and reasonable way to proceed, that being continue the stay so that the USPTO proceedings can play out to their ultimate conclusion.  This saves time and money for everyone, including A&J.  If A&J is not able to reverse the finding of patent invalidity, the parties and Court will have avoided a huge waste of expenses.  If A&J is able to overcome the final rejection of the asserted patent, the case can continue at that time, with the full measure of damages, including interest, available to A&J (no injunctive relief is available given that Blue Rhino ceased offering the accused grills long ago).  We have offered to provide some sales information to you in the interim (although I note that we discussed some general estimated numbers informally and you acknowledged that Blue Rhino does not appear to have sales that justify continuing with the litigation).  So it makes the most sense to wait until we know whether the patent is enforceable or not.  This is the most logical and economical way to proceed in this case.  This is what we intend to tell the Court.  Please let me know if you change your mind or if we should discuss further.

Mark

**J. Mark Wilson**
Attorney at Law
T 704.331.1177
F 704.339.5981
markwilson@mvalaw.com

---

**Moore&VanAllen**

100 North Tryon Street
Suite 4700
Charlotte, NC 28202
704.331.1000
www.mvalaw.com

---

**From:** Reich, Lance D. [mailto:LReich@helsell.com]
**Sent:** Tuesday, July 25, 2017 6:45 PM
**To:** Mark Wilson
**Cc:** Minnie Kim; pscott@brbcsw.com
**Subject:** RE: A&J Manufacturing, LLC et al v. Ferrellgas, L.P. et al Order, Case 2:15-cv-00028-LGW-RSB

Mark:
Thanks for getting back to me on this.  The urgency here from A&J's side and prejudice from delay is simply the speed of business.  It is logical that A&J would like to receive any potential benefit from the present suit as soon as possible, be it from a cash settlement or a business resolution. What company would delay any marketplace
advantage?   Consequently, as it stands right now assuming the below to be the stance of Blue Rhino, A&J will only agree to extend the stay provided that the Court conduct mediation and will tell the court this is its position.
I do believe that our conversation on this was productive and A&J is starting to view Blue Rhino in a different light.  A&J told me that Blue Rhino's propane and Chargriller are both sold in Walmart and Lowes, and consequently, a full business solution may be readily available.  All that A&J asks is a bonafide commitment from Blue Rhino to vet a solution here.  Given time constraints, if you can't get a commitment from your client yet, A&J would be willing to agree to not attempt to lift the stay for now, informing the court that the parties intend to conduct settlement talks within 90 days (maybe we

2

say by the end of October?), and if the parties are unable to come to an agreement (or unable to meet), then A&J will formally request that the Court conduct a mediation conference via motion and Blue Rhino is free to state it's opposition if it has any.  Might this be agreeable?
-Lance

**From:** Mark Wilson [mailto:markwilson@mvalaw.com]
**Sent:** Monday, July 24, 2017 5:11 PM
**To:** Reich, Lance D. <LReich@helsell.com>
**Cc:** Minnie Kim <minniekim@mvalaw.com>; pscott@brbcsw.com
**Subject:** RE: A&J Manufacturing, LLC et al v. Ferrellgas, L.P. et al Order, Case 2:15-cv-00028-LGW-RSB

Lance –

I appreciate your email and have given it some thought.  As we discussed, we report to the client legal department.  I cannot make any promises about a business meeting, although I have asked if this is something legal can try to make happen.  I will report back if I get any encouraging information.

I have some other concerns, some of which I shared with you last week.  It is unfair to my side to make the stay contingent on the parties "meaningfully" discussing some sort of business deal.  A&J seems to be trying to use the stay issue as unjustified leverage, particularly given that the lone patent asserted against my clients is under final rejection at the USPTO and will be nullified in due course unless something drastic happens on appeal.  As I explained in my email and as we discussed in great detail last week when we spoke, A&J is not being prejudiced by a stay <u>in this case</u> and will not be prejudiced by a continued stay <u>in this case</u> pending the outcome of the reexamination proceeding.  A&J has not provided any reasonable response for why the stay should be lifted <u>in this case</u>.  We are not the other parties, we have stopped selling the accused grills, we were not part of the ITC proceedings, our case began much later than the others, and the only patent asserted in this case involves the very patent under final rejection at the USPTO.  When we spoke, you seemed to acknowledge that this case should be given special consideration given these differences.  It is our position that the stay <u>in this case</u> needs to continue, period.  If, at the same time, we are able to arrange a business meeting, then good for us, but we do not believe that it is appropriate to make one contingent on the other.

I hope you understand and can appreciate our position.  I'm afraid we will need to report to the Court before I know anything further.  So, with that, can we report to the Court that, as between the two of us, we agree to the stay?

Mark

**J. Mark Wilson**
Attorney at Law
T 704.331.1177
F 704.339.5981
markwilson@mvalaw.com

**Moore&VanAllen**

100 North Tryon Street
Suite 4700
Charlotte, NC 28202
704.331.1000
www.mvalaw.com

**From:** Reich, Lance D. [mailto:LReich@helsell.com]
**Sent:** Friday, July 21, 2017 2:30 PM
**To:** Mark Wilson
**Cc:** Minnie Kim; pscott@brbcsw.com
**Subject:** RE: A&J Manufacturing, LLC et al v. Ferrellgas, L.P. et al Order, Case 2:15-cv-00028-LGW-RSB

Mark:
Thanks for discussing this matter with me yesterday.  I was able to discuss this matter with A&J and they are very much interested in exploring a
"business resolution" here.  A&J would agree to allow the stay to extend in this action provided that your clients will agree to meet with A&J's principals and meaningfully discuss a potential resolution within a set date.  Perhaps a first meeting to occur within 60 days?  If this is agreeable to your clients, then we propose to represent to the court at the status conference that the parties are actively discussing settlement and mutually agree to let the stay extend in this action at this time.
If the parties cannot reach some resolution here over the next several months or make any progress, we can then revisit our potentially seeking to lift the stay at that time. And we may also have more information on where the '712 reexamination timeline is too.  Please let me know if this is agreeable with your clients, and do not hesitate to contact me if you wish to discuss this further.
-Lance


**From:** Mark Wilson [mailto:markwilson@mvalaw.com]
**Sent:** Monday, July 10, 2017 8:51 AM
**To:** Reich, Lance D. <LReich@helsell.com>
**Cc:** Minnie Kim <minniekim@mvalaw.com>; pscott@brbcsw.com
**Subject:** RE: A&J Manufacturing, LLC et al v. Ferrellgas, L.P. et al Order, Case 2:15-cv-00028-LGW-RSB

Lance, thank you for your email.

As stated by the Court in its Order, we are to engage in a meaningful course of discussions regarding at least the following issues: (1) whether this case and related cases should remain stayed; (2) whether there should be limited discovery on the issue of damages or other areas; (3) what discovery the parties need to conduct to meaningfully address settlement; and (4) whether the parties are prepared to proceed with a Court-assisted settlement conference.  On the first day of the 45-day period, rather than approaching us to discuss the issues, you have already concluded that "A&J would like to engage in a court-mediated settlement conference with Ferrellgas/Blue Rhino in Brunswick, and will indicate the same to the [C]ourt."  We believe that the purpose of this 45-day period is not for you to reiterate that A&J wants a settlement conference, but for the parties to meet and confer on all of the enumerated issues, from which discussions the parties will then be able to indicate to the Court whether the parties are prepared to proceed with a Court-assisted settlement conference.  We intend to comply with the Court's Order and request that you do the same.

With respect to the first issue—whether this case should remain stayed—you state that "A&J does not believe a stay is warranted here as it would be prejudicial, and would oppose any motion for a stay."  As the Court stated during the status conference, it is requiring the parties to discuss the stay issue for the purpose of avoiding the costs associated with filing motions for lifting and/or extending the stay.  It is contrary to the Court's directive for you to foreclose the stay issue before we even discuss it.

We believe the stay should continue for the arguments set forth in our reply (Doc. No. 42), and the reasons stated during the status conference, including the PTO's final rejection of all the claims of the '712 Patent and the PTO's denial of at least one of your petitions for reconsideration.  While claiming a stay is "prejudicial," you have not provided us with arguments or reasons demonstrating how or why a stay would prejudice A&J <u>in this case</u>.  The factors you cited during the status conference (i.e., pendency since 2013, infringement findings of the ITC, the design patent, other related cases) do not apply <u>in this case</u>, and the arguments set forth in your "opposition" (Doc. No. 42) (i.e., participation in an ITC proceeding, the stage of litigation, mere delay) do not support lifting the stay <u>in this case</u>.  We request that you please explain how you believe A&J will be prejudiced by a stay <u>in this case</u> given that (1) the asserted patent has been finally rejected by the USPTO, and (2) Blue Rhino is not selling (and has not sold for well over a year) any accused grills.

4

We believe the parties also need to discuss the issue of venue.  As we stated during the status conference, Ferrellgas and Blue Rhino are considering a motion to dismiss pursuant to Rule 12(b)(3), in view of *TC Heartland*, should the stay be lifted.  We preserved the defense of improper venue in the answer by denying that venue is proper in the Southern District of Georgia.  We believe that the Southern District of Georgia does not qualify as a proper venue pursuant to 28 U.S.C. § 1400(b) under the *TC Heartland* decision.  Please let us know if you disagree and, if so, please explain why you believe venue is proper in this Court.

Finally, in your email, you state that "A&J will rely on the infringement finding of the ITC and request that it be applied to the accused grills."  As you know, Ferrellgas and Blue Rhino were not parties to the ITC proceeding.  We ask that you explain why you believe that my clients should be bound by any findings in a proceeding in which they did not have an opportunity to participate and which involved different products from the ones accused in this case.

Barring further information from your side that changes our perspective, we do not believe that a settlement conference would be beneficial at this time.  The only patent asserted against Ferrellgas and Blue Rhino stands finally rejected by the PTO.  A&J is not entitled to an injunction given that the accused grills are not being sold.  Any monetary damages that A&J might be able to recover, if it is able to prove infringement of a valid patent, will be available in the same amount in the future.  A&J has already asked for an award of pre-judgment interest that, should it prevail, would provide full compensation despite a continued stay.  For these reasons, we believe that it would be premature to force the Court and the parties to continue the litigation, engage in any discovery, or require a settlement conference.

That said, my clients are willing to consider a possible exchange of information on a confidential and informal basis.  We would consider providing unit sales information from March 2, 2015 (the date A&J filed the present complaint) until when Blue Rhino ceased selling the accused grills.  In exchange, we would want A&J to provide licensing/settlement information for the patent at issue and any other information A&J has on damages calculations for this case.  Please let us know if you would like to discuss this possible information exchange.  As always, if A&J has a proposal that it wishes to make concerning settlement that takes into account our clients' positions as provided above, we are happy to convey it to our clients.

Once you have a chance to review the above and provide answers to our questions, we will be happy to discuss with you at your convenience.

Thank you.

**J. Mark Wilson**
Attorney at Law
T 704.331.1177
F 704.339.5981
markwilson@mvalaw.com

---

**Moore&VanAllen**

100 North Tryon Street
Suite 4700
Charlotte, NC 28202
704.331.1000
www.mvalaw.com

---

**From:** Reich, Lance D. [mailto:LReich@helsell.com]
**Sent:** Friday, June 16, 2017 5:27 PM
**To:** Mark Wilson
**Cc:** Jeffrey Gianelli; Minnie Kim
**Subject:** A&J Manufacturing, LLC et al v. Ferrellgas, L.P. et al Order, Case 2:15-cv-00028-LGW-RSB

Mark:

5

Following up on the order of the court today mandating that the parties meet and confer on the issues delineated therein, A&J would like to engage in a court-mediated settlement conference with Ferrellgas/Blue Rhino in Brunswick, and will indicate the same to the court. A&J will appear at any conference in person.  Please let me know if you will agree to a court-assisted settlement conference.

With respect to the other issues in the order:
(1) As stated at the hearing, A&J does not believe a stay is warranted here as it would be prejudicial, and would oppose any motion for a stay.
(2) A&J will rely on the infringement finding of the ITC and request that it be applied to the accused grills. If the defendants will stipulate that that there are no more potentially infringing grills in production as A&J believes, and that A&J has correctly identified all dual-grill models of defendants that may be held as infringing, then A&J only needs discovery relative to the sales and profits of defendants with respect to the past grills.  This will also assist A&J in determining what a reasonable settlement may be here.

To that end, A&J would like to share any produced sales and profit information with its principals and is willing to do so under a Non-Disclosure Agreement or stipulated confidentiality order.  Please let me know if the defendants are willing to provide this information prior to a settlement conference here, and do not hesitate to contact me if you wish to discuss this matter further.

-Lance

**Lance D. Reich | Helsell Fetterman LLP**
*Registered Patent Attorney*
1001 Fourth Avenue, Suite 4200
Seattle, Washington  98154
Direct:  (206) 689-2111
Main: (206) 292-1144
Fax:  (206) 340-0902
Email:  lreich@helsell.com
Web:  www.helsell.com

**CONFIDENTIALITY AND CIRCULAR 230 NOTICE**:  This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited.  As required by the Internal Revenue Service, anything contained in this communication pertaining to any U.S. federal tax matter is not to be used for the purpose of avoiding federal tax penalties under the Internal Revenue Code or for promoting, marketing or recommending to any third party the tax implications of any partnership or other entity, investment plan or arrangement discussed in this communication.  If you have received this communication in error, please notify this firm immediately by calling (206) 292-1144, or by reply to this communication.

Moore & Van Allen

CONFIDENTIAL & PRIVILEGED Unless otherwise indicated or obvious from the nature of the following communication, the information contained herein is attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication. Thank You.

**Moore & Van Allen**
Moore & Van Allen